[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-10078

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

REINIER GONZALEZ CABALLERO,
ALEXEIS NAPOLES MANRESA,

Defendants- Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20111-CMA-3

_____

Before WILLIAM PRYOR, Chief Judge, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Reinier Gonzalez Caballero and Alexeis Napoles Manresa appeal their convictions for conspiring to commit money laundering, 18 U.S.C. § 1956(h), and for money laundering, *id.* § 1956(a)(1)(B)(i). At trial, the district court instructed the jury that it could find that Caballero and Manresa possessed the requisite "knowledge" for the offenses if the defendants "one, actually knew that the money or properties involved in the financial transactions were the proceeds of some kind of unlawful activity, or, two, had every reason to know but deliberately closed his eyes." Caballero and Manresa argue that the district court erred in giving this deliberate ignorance instruction. We disagree and affirm.

We review a challenge to a jury instruction on deliberate ignorance *de novo. United States v. Stone*, 9 F.3d 934, 937 (11th Cir. 1993). District courts have broad discretion in formulating a jury charge as long as "the charge as a whole accurately reflects the law and the facts." *United States v. Arias*, 984 F.2d 1139, 1143 (11th Cir. 1993). As a result, our review of jury instructions is deferential, and we "will only reverse if we are left with a substantial and eradicable doubt as to whether the jury was properly guided in its deliberations." *United States v. Crabtree*, 878 F.3d 1274, 1289 (11th Cir. 2018).

We have long recognized deliberate ignorance as an alternative to actual knowledge when "a party has his suspicion aroused but then deliberately omits to make further enquiries, because he wishes to remain in ignorance." *United States v. Hristov*, 466 F.3d 949, 952 (11th Cir. 2006). A deliberate ignorance instruction is proper if "the facts support the inference that the defendant was aware of a high probability of the existence of the fact in question and purposely contrived to avoid learning all of the facts in order to have a defense in the event of a subsequent prosecution." *United States v. Steed*, 548 F.3d 961, 977 (11th Cir. 2008). The instruction should not be given when the evidence points only to actual knowledge, instead of deliberate avoidance. *Id.*

The district court did not err in instructing the jury on deliberate ignorance because numerous facts pointed toward conscious avoidance. Both Caballero and Manresa knew Alfredo Ruiz, the individual who recruited them to open sham corporations in their names so that he could clean money obtained through Medicare fraud, only by "Maik." They each had an initial meeting with "Maik" in a parking lot and were told that the corporations they would open were not real businesses, but that their skills would be matched to the businesses in case the banks asked any questions. In exchange, "Maik" would pay them $100 per day plus utilities and some of their personal living expenses. But Caballero and Manresa never asked "Maik" where the money came from or "Maik's" real name or business.

And the suspicious circumstances of their day-to-day business dealings with "Maik" further support the inference that they were on notice but avoided actual knowledge of the illegality of the operation. The evidence established that after money was deposited into the sham business accounts, Caballero and Manresa were instructed to make cash withdrawals under $10,000 to avoid raising a "red flag" and to visit different banks if they had multiple withdrawals to make in the same week. After withdrawing the cash, they would meet "Maik," who was well-dressed and drove luxury cars, in restaurants and "random parking lots," where they would hand envelopes containing the cash and receipt to "Maik" through his car window. Apart from withdrawing and delivering the cash—totaling about $111,000 for Caballero and $112,000 for Manresa—they never performed any work. And their corporations, which had no other employees, never completed any work in exchange for the sizeable checks. In sum, we have no doubt that a reasonable factfinder could have found that their suspicions were aroused and that their failure to make inquiries was the result of deliberate ignorance. So the instruction was properly given.

And we reject Caballero and Manresa's argument that the instruction effectively allowed the jury to convict them on a basis akin to a standard of negligence. The district court instructed the jury that "negligence, carelessness or foolishness is not enough to prove the Defendant had the requisite proof of knowledge." Because we presume that a jury follows its instructions, *United States*

*v. Brown*, 983 F.2d 201, 202 (11th Cir. 1993), we are satisfied that the instruction did not lower the government's burden of proof.

We **AFFIRM** Caballero's and Manresa's convictions.